# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ORLY TAITZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **Civil Action No. 11-402 (RCL)** |
| MICHAEL ASTRUE, ) | |
| COMMISSIONER OF THE SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM & ORDER

Defendant's motion to strike [24] plaintiff's opposition to defendant's summary judgment motion, and attached exhibits, was promptly granted [25] due to plaintiff's failure to comply with Federal Rule of Civil Procedure 5.2(a)(1), which requires that only the last four digits of a social security number are to be filed with the Court.

The Court will not tolerate plaintiff's repeated violations of this Rule.

On June 2, 2011, the Court entered an Order [13] directing plaintiff to re-file her Complaint, First Amended Complaint, and all attached exhibits with properly redacted social security numbers. Defendant's motion to strike [11] recited the required Rule 5.2 provisions. Rule 5.2(a)(1) provides that, in a filing with the court that contains an individual's social security number, a party may include only "the last four digits of the social-security number." Fed. R. Civ. P. 5.2(a)(1). On June 14, 2011, plaintiff filed a redacted Complaint [16] and Amended Complaint [17], deleting all but the last four digits of the social security numbers contained therein.

On July 15, 2011, plaintiff—again in direct violation of Rule 5.2—filed her opposition to defendant's summary judgment motion, in which she failed to delete all but the last four digits of the social security numbers contained therein. The Court's Order [25] striking plaintiff's opposition did not impose sanctions against plaintiff because defendant had not sought them. Plaintiff should be aware, however, that repeated violations of the Rules are in fact sanctionable, even *sua sponte*. Moreover, wasting the Court's time with nonsense is not the way for plaintiff to have any hope of prevailing in this case.

On July 21, 2011, plaintiff orally notified the Court's law clerk that she had realized her error and had sent a redacted version of her opposition to defendant's summary judgment motion to the Clerk's Office. Based on this representation, the Court entered a *sua sponte* Order [26] giving plaintiff 14 days to file a redacted version of her opposition. Plaintiff's motion for reconsideration [27] of the Court's July 21, 2011 Order is DENIED.

Plaintiff claims that she sent to the Clerk's Office a redacted version of her opposition, which—as the Court noted in its July 21, 2011 Order—the Clerk's Office could not locate at that time.[1] In the explanation attached to her motion for reconsideration, plaintiff states the following:

> I printed out a new copy, redacted the last four digits of the SSN in question and paid for fed ex again and shipped the redacted copy with the explanation to the clerk of the court.

Plaintiff's statement is an admission that even her redacted version was submitted in violation of Rule 5.2. Plaintiff admits that she did the *opposite* of what the Rule requires—she deleted the last four digits of the social security numbers contained in her proposed redacted opposition. The Rule requires that she delete *all but* the last four digits of a social security number.

---

[1] Apparently, that document was located and filed as docket number 28. Again, because the redactions are improper, the document is hereby STRICKEN from the record.

After making the somewhat hysterical claim in her motion for reconsideration that there may be "an employee in this court, who is intentionally sabotaging" her, plaintiff engaged the Court's Courtroom Deputy Clerk in a lengthy, accusatory conversation. On July 22, 2011, she sent the Courtroom Deputy Clerk her proposed redacted opposition via email. The Court has reviewed that document, and it will not be filed. In the document, plaintiff deletes the last four digits of the social security numbers contained therein—again, the *opposite* of what Rule 5.2 requires.

On this day, the Court received by mail another version of plaintiff's opposition. It will not be filed. Yet again, all of the document's redactions are improper.

Plaintiff is either toying with the Court or displaying her own stupidity. She made the correct redactions when she re-filed her Complaint and Amended Complaint. There is no logical explanation she can provide as to why she is now wasting the Court's time, as well as staff's time, with these improper redactions.

SO ORDERED this _25th_ day of July 2011.

ROYCE C. LAMBERTH
Chief Judge
United States District Court